# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**ROY LIFE AND TANYA CARRASCO,**

      **Plaintiff,**

**v.**                                 **Case No. 1:15-CV-00877**

**GEICO GENERAL INSURANCE COMPANY,**

      **Defendant.**

## NOTICE OF REMOVAL

Defendant GEICO General Insurance Company, (hereinafter "Defendant") by and through its counsel of record, Chapman and Charlebois, P.C., (Donna L. Chapman and Jessica C. Singer), hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, and in support thereof, states as follows:

1.    Plaintiffs Roy Life and Tanya Carrasco ("Plaintiffs") filed their Complaint for Underinsured Motorist Benefits ("Complaint") in the Second Judicial District, Bernalillo County, State of New Mexico, in Cause No. D-202-CV-2015-06654 (hereinafter "State Court Action") on August 18, 2015.  (*See* Plaintiffs' Complaint, attached hereto as Exhibit A).

2.    In their Complaint, Plaintiffs alleges they are residents of the State of New Mexico. (*Id.* at ¶ ¶ 1,2).

3.    Plaintiffs named Defendant GEICO, as the only Defendant in Plaintiffs' Complaint.

4.    Defendant asserts GEICO is incorporated and its principal place of business is in the state of Maryland.

5.    Diversity of citizenship is present in this matter as set forth in 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441(b)(2).

6.    Defendant accepted service through the Superintendent of Insurance on September 10, 2015.  (*See* Exhibit B).

7.    Less than thirty (30) days have passed since Defendant accepted service of the initial pleadings on this matter.

8.    As Defendant has accepted service and is the only Defendant served in this matter, 28 U.S.C. § 1446(b)(2)(A) is satisfied.  (*See* Register of Actions for the State Court Action, hereto attached as Exhibit C).

9.    Pursuant to Plaintiff's allegations, the amount in controversy exceeds $75,000, as set forth in 28 U.S.C. §§ 1441(b)(2).

10.   Pursuant to the attached documentation from Plaintiffs' counsel, dated January 13, 2014, the amount in controversy exceeds the jurisdictional amount of $75,000. *See* also, *Hanna v. Miller*, 163 F.Supp. 2d 1302, 1305-06 (D.N.M. 2001). (*See* Demand letter from Plaintiffs' counsel dated January 13, 2014 and the policy declaration page which illustrates the policy limits which Plaintiffs are demanding, hereto attached as Exhibit D)

11.   This case may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. §§ 1441(b) and 1446.

12.   By and through this Notice of Removal, Defendant removes all claims asserted against it on the basis of diversity jurisdiction, which is conferred upon this Court pursuant to 28 U.S.C. §§ 1332 and 1441.

13.   Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal is being concurrently served upon the Plaintiff on this date.

14.   Pursuant to 28 U.S.C. § 1446(d), Defendant is concurrently filing a Notice of Filing of Removal in the State Court Action, a copy of which is hereto attached as Exhibit E.

15.   In addition to the Notice of Filing Notice of Removal in the State Court Action, Defendant is concurrently filing an Entry of Appearance in the State Court Action on this date, a copy of which is hereto attached as Exhibit F.

16.   Pursuant to 28 U.S.C. § 1446(a) and D.N.M.LR-Civ. 81.1(a), all process, pleadings, and orders from the State Court Action will be filed with this Court in a separate Transmittal of State Court Record within twenty-eight days (28) of this Notice.

17.   A Civil Cover Sheet for this Court is hereto attached as Exhibit G.

**WHEREFORE**, the removing Defendant gives notice the above-styled action,

which was pending in the Second Judicial District, Santa Fe County, State of New Mexico,

as Cause No. D-202-CV-2015-06654 is removed to this Court.

Respectfully Submitted,

**CHAPMAN AND CHARLEBOIS, P.C.**


*/s/ Jessica C. Singer*
Donna L. Chapman
Jessica C. Singer
P.O. Box 92438
Albuquerque, NM 87199
TEL: (505) 242-6000
FAX: (505) 213-0561
donna@cclawnm.com
jessica@cclawnm.com
*Attorneys for Defendant GEICO as to the Extra-Contractual Claims Only*


I HEREBY CERTIFY that on the 30th day of September, 2015, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Linda J. Rios, Esq.
Post Office Box 3398
Albuquerque, NM 87190-3398
(505) 232-2298
*Attorney for Plaintiffs*

*Daniel W. Lewis, Esq.*
*Allen, Shepherd, Lewis & Syra, P.A.*
*P.O. Box 94750*
*Albuquerque, NM 87199-4750*
*(505) 341-0110*
*Attorneys for Defendant GEICO*

*/s/ Jessica C. Singer*
Jessica C. Singer

FILED IN MY OFFICE
DISTRICT COURT CLERK
8/18/2015 7:07:11 PM
James A. Noel
Chris Peck

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

ROY LIFE and TANYA CARRASCO

    Plaintiffs,

vs.                                        No.      D-202-CV-2015-06654

GEICO GENERAL INSURANCE COMPANY

    Defendant.

## COMPLAINT FOR UNDERINSURED MOTORIST BENEFITS

PLAINTIFFS Roy Life and Tanya Carrasco, by and through their attorney of record, Rios Law Firm, allege:

## I.
## GENERAL ALLEGATIONS

1.    Plaintiff Roy Life, at all relevant times, was a resident of Bernalillo County, State of New Mexico.

2.    Plaintiff Tanya Carrasco, at all relevant times, was a resident of Bernalillo County, State of New Mexico.

3.    Upon information and belief, Albert Camacho Jr., was an underinsured motorist who was a resident of Bernalillo County, State of New Mexico.

4.    The Defendants, Does 1 through 5, inclusive, are sued under fictitious names, their true names and capacities being unknown at this time to Plaintiffs, who are informed and believe and thereon allege that said Defendants are responsible in some manner for the events and happenings referred to herein, and will ask leave of the court to amend this Complaint to show their true names and capacities when the same have been ascertained.  At all relevant times each Defendant, including any Defendant(s) fictitiously named, was acting as the owner, agent,

1



servant, insurer, employee, partner, or joint venturer of each other Defendant(s) in doing the things alleged herein, and is responsible, in some manner, for the damages claimed herein by Plaintiffs.

5.        On or about February 11, 2011, Plaintiff Roy Life was operating a 2003 white Toyota 4 Runner, in an easterly direction on Central Ave. near the intersection of Cornell SE, in Bernalillo County, State of New Mexico, when he stopped behind a vehicle which had stopped for a pedestrian crossing the street on Cornell.

6.        Plaintiff Tanya Carrasco was a passenger in the vehicle driven by Plaintiff Roy Life.

7.        On the above date and time, while driving on Central Ave., an Alberto Camacho Jr., underinsured motorist, failed to stop and struck the vehicle driven by Plaintiff Roy Life with significant force.

8.        As a direct and proximate result of the wrongful conduct of the Alberto Camacho Jr., in failing to keep a proper lookout, following too closely, failing to use ordinary care, failing to yield the right of way, failing to pay proper attention and speeding, Plaintiff Roy Life's vehicle was struck with great force causing injuries and damages to Plaintiffs.

9.        At all relevant times, Plaintiff Roy Life operated his vehicle in a safe and proper manner.

10.       Defendant GEICO General Insurance Company (hereinafter "GEICO"), and any subsidiaries or other corporations doing business in New Mexico under the name GEICO is/are foreign corporations conducting business in New Mexico.

11.       At all times, Plaintiff Roy Life was insured under a policy of insurance issued by Defendant GEICO policy number 4195328762.

2

12.     At all times material hereto, Plaintiff Roy Life carried a valid contract of insurance with Defendant GEICO, which included Uninsured/Underinsured Motorist coverage that was in full force and effect at all relevant times.

13.     Plaintiff Roy Life did purchase, for consideration, a policy of insurance with Defendant GEICO, which was in effect on the date of incident.

14.     The policy of insurance did insure Plaintiff Roy Life and Plaintiff Tanya Carrasco against loss or damage in the event they were involved in an automobile collision with an uninsured/underinsured motorist.

15.     While the GEICO policy was in full force and effect, Plaintiff Roy Life notified GEICO of the February 11, 2011, loss and provided all relevant and necessary information to GEICO to cover his losses and damages.

16.     At all times Plaintiff has performed his obligations under the GEICO insurance policy.

17.     The present dispute between the Plaintiffs and their insurer arises from the contract of insurance and the obligations of Defendant GEICO and the rights of Plaintiff Roy Life and Plaintiff Tanya Carrasco thereunder.

18.     Defendant GEICO committed acts, which they knew or should have known to result in the deprivation of Plaintiffs' rights and benefits under the policy as alleged herein.

19.     All events giving rise to this Complaint occurred in Bernalillo County, State of New Mexico.

20.     As a further direct and proximate result of the Defendant's wrongful conduct, Plaintiff Roy Life and Plaintiff Tanya Carrasco did suffer injuries and damages including, but not limited to, emotional and physical injuries, past incurred medical expenses, future medical

expenses, property damages, lost wages, loss of life's enjoyment, loss of household services, emotional and physical pain and suffering and incidental damages all to Plaintiffs' great loss in an amount to be proven at trial.

## II.
## CLAIM FOR UNDERINSURED MOTORIST BENEFITS AGAINST GEICO

21.     Plaintiffs incorporate by reference the previous paragraphs as though fully set forth herein.

22.     At all times pertinent hereto, upon information and belief, Alberto Camacho Jr., was an underinsured motorist, as defined by New Mexico law and as contemplated by the Financial Indemnity policy.

23.     At all times pertinent hereto, Mr. Camacho Jr. engaged in driving conduct which caused a motor vehicle collision for which coverage under his automobile insurance policy was insufficient to cover Plaintiffs' damages.

24.     As a result of Alberto Camacho Jr.'s underinsured status, and the insurance contract with Defendant GEICO, Plaintiffs are entitled to recover damages incurred as a result of the February 11, 2011 motor vehicle collision from Defendant GEICO under Plaintiff Roy Life's underinsured motorist coverage provisions of the aforementioned policy.

25.     Defendant GEICO should be directed to pay Plaintiffs an amount sufficient to compensate Plaintiffs for their damages resulting from their injuries, losses, and damages caused by the incident made basis of this litigation.

## III.
## DECLARATORY JUDGMENT AGAINST DEFENDANT GEICO

26.     Plaintiffs incorporate by reference the previous paragraphs as though fully set forth herein.

27.     At the time of the events described herein, Plaintiff Roy Life carried a motor vehicle policy of insurance with Defendant GEICO.

28.     The insurance policy issued to and insuring Plaintiff Roy Life and Plaintiff Tanya Carrasco was a valid and enforceable contract between Plaintiff Roy Life and Defendant GEICO on the date of the incident made basis of this litigation.

29.     Defendant GEICO's insurance policy provided underinsured motorist benefits to Plaintiff Roy Life and Plaintiff Tanya Carrasco on the date of incident and Plaintiffs are insured beneficiaries of the underinsured motorist coverage provided by contract with Defendant GEICO.

30.     The subject accident involving Plaintiffs is an occurrence triggering coverage under the underinsured motorist benefit provisions of the policy written by Defendant GEICO and held by Plaintiff Roy Life.

31.     Plaintiff Roy Life and Plaintiff Tanya Carrasco made claims for damages with Defendant GEICO in a timely manner, have cooperated with Defendant GEICO in all manners requested, and have otherwise performed all conditions precedent to their right to pursue claims for damages under the underinsured motorist portion of the subject policy stemming from the subject incident.

32.     Plaintiffs have provided Defendant GEICO with all relevant information regarding liability and Plaintiffs' damages arising from the subject occurrence and has given Defendant GEICO access to their medical records and billing summaries.

33.     Defendant GEICO is disputing, disregarding, failing to investigate or denying aspects of the liability claim, coverage, and conduct coupled with refusing to consider the factual basis for the underinsured motorist coverage claim in violation of Plaintiffs' rights and interests.

34.     An actual controversy or dispute has arisen and exists between Plaintiffs and Defendant GEICO as to the determination of their respective rights and obligations under the subject policy of insurance.

35.     An actual controversy or dispute has arisen and exists between Plaintiffs and Defendant GEICO as to their rights and obligations under the policy of insurance and the application of coverage in this matter under the facts and circumstances of this case.

36.     Said controversies or disputes are subject to resolution by this Court pursuant to the Declaratory Judgment Act Section 44-6-1 et. seq., N.M.S.A.

## IV.
## SPECIFIC PERFORMANCE FOR UNDERINSURED MOTORIST CLAIM AGAINST DEFENDANT GEICO

37.     Plaintiffs incorporate by reference the previous paragraphs as though fully set forth herein.

38.     GEICO entered into the subject contract of insurance with the Plaintiff Roy Life wherein it clearly and expressly agreed to provide insurance coverage for losses to their insured caused by an underinsured motorist; Plaintiff Roy Life, in turn, paid GEICO substantial premiums in consideration for the agreed upon underinsured motorist coverage.

39.     Plaintiffs have now suffered bodily injury, property and other  damages as a proximate and direct result of a motor vehicle crash with an underinsured motorist in such amount to be determined at trial.

40.     Plaintiffs Roy Life and Tanya Carrasco performed their end of the bargain and are accordingly now entitled to specific performance of the underinsured motorist insurance contract.  The court should therefore require GEICO to specifically perform such agreement.

41.     As a further direct and proximate result of the Defendant's wrongful conduct, Plaintiff Roy Life and Plaintiff Tanya Carrasco did suffer injuries and damages including, but not limited to, emotional and physical injuries, past incurred medical expenses, future medical expenses, property damages, lost wages, loss of life's enjoyment, loss of household services, emotional and physical pain and suffering and incidental damages all to Plaintiffs' great loss in an amount to be proven at trial.

## V.
## BREACH OF CONTRACT

42.     Plaintiffs incorporate by reference the previous paragraphs as though fully set forth herein.

43.     GEICO breached its contract of insurance with Plaintiffs by:

a.      failing to promptly and reasonably adjust the claim;

b.      failing to properly train and or instruct its adjusters, employees and/or agents.

c.      Failing to provide uniform and/or standard guidelines and/or materials to adjusters and/or agents to properly evaluate claims;

d.      Failing to provide uniform and/or standard guidelines and/or materials to adjusters and/or agents to properly evaluate claims;

e.      Failing to timely provide sufficient funds for the injuries and damages sustained by Plaintiff as a result of the collision;

f.      Failing to promptly adjust and properly pay the fair value for the losses and damages sustained by the plaintiff;

g.      Any other acts or omissions to be shown at trial on the merits.

## VI.
## NEGLIGENT MISREPRESENTATION

44.     Plaintiffs incorporate by reference the previous paragraphs as though fully set forth herein.

45.     GEICO further breached its contract with Plaintiffs and/or acted negligently by the following actions:

a.     A. Failing to respond to verbal requests and correspondence in a timely manner;

b.     Failing to properly and timely adjust this case consistent with Plaintiff's injuries, medical documentation, damages and losses;

c.     Placing GEICO's interests above those of their insured;

d.     Failing to provide any reasonable basis for denying fair and just payment on this claim now months following the incident;

e.     Failing to meet its duty owed to plaintiff to engage in good faith and fair dealings; and

f.     Any other actions or omissions that will establish breach of contract and/or negligence, which will be proven at the trial on the merits.

## VII.
## UNJUST ENRICHMENT

46.     Plaintiffs incorporates by reference the previous paragraphs as though fully set forth herein.

47.     Despite realizing substantial premiums from Plaintiff Roy Life, GEICO has withheld the insurance proceeds owed to Plaintiff Roy Life and Plaintiff Tanya Carrasco for the damages sustained as a result of the collision with the uninsured motorist.

48.     GEICO has therefore been unjustly enriched at Plaintiffs' expense.

WHEREFORE Plaintiffs request relief of this Court against Defendant GEICO, and each of them, as follows:

1.     For compensatory, exemplary and punitive damages in an amount to be proved at trial.

2.     For all costs incurred in the prosecution of this action;

3.     Declaration and/or Judgment by this Court that the subject policy provides full underinsured motorist insurance coverage for the damages caused by the motor vehicle collision herein stated;

4.     For declaration of this Court as to the respective rights and obligations between Plaintiffs and Defendant GEICO under the terms of the subject insurance policy, and for Order of this Court that the parties act in accordance with that declaration.

5.     For declaration of this Court as to the respective rights and obligations

6.     For pre and post judgment interest on all sums awarded at the statutory rate from the date of Judgment until paid in full;

7.     Costs incurred in the prosecution of this action;

8.     For such other and additional relief as the Court may deem proper.


Respectfully submitted,

RIOS LAW FIRM

*/s/ Linda J. Rios, Esq.*
BY: Linda J. Rios
ATTORNEY FOR PLAINTIFF
Post Office Box 3398
Albuquerque, New Mexico 87190-3398
Telephone: (505) 232-2298

9

# STATE OF NEW MEXICO
## OFFICE OF SUPERINTENDENT OF INSURANCE
## CERTIFICATE

SECOND JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO

D202CV2015-06654

ROY LIFE & TANYA CARRASCO,
     Plaintiff(s),

VS.

GEICO GENERAL INSURANCE COMPANY,
     Defendant(s),

### ACCEPTANCE OF SERVICE

I, John G. Franchini, Superintendent of Insurance of the State of New Mexico, do hereby certify that a copy of a Summons and a Complaint for Underinsured Motorist Benefits, Plaintiff's Certification Regarding Arbitration under Rule 2-603, Plaintiff's First Requests for Production of Documents to Geico General Insurance Company and Plaintiff's First Set of Discovery to Defendant Geico General Insurance Company, on the above styled cause was accepted by me on behalf of GEICO GENERAL INSURANCE COMPANY, on August 31, 2015, provided in Sections 59A-5-31 and 59A-5-32 NMSA 1978, and was received by said company on September 4, 2015, as shown by return receipt by Postmaster,



In Witness Whereof, I have
hereunto set my official seal
on this 10th of September, 2015

Superintendent of Insurance



**EXHIBIT**

B

Skip to Main Content  Logout  My Account  Search Menu  New Civil Probate Family Search  Refine Search  Back        Location : Bernalillo County        Images  Help

# REGISTER OF ACTIONS
## CASE NO. D-202-CV-2015-06654

| | | |
|---|---|---|
| Roy Life, et al., v. GEICO General Insurance Company | § § § § § § | Case Type: **Tort**<br>Date Filed: **08/18/2015**<br>Location: **Bernalillo County**<br>Judicial Officer: **Brickhouse, Beatrice J.** |

---

### PARTY INFORMATION

|  |  | Attorneys |
|---|---|---|
| **Defendant** | GEICO General Insurance Company | |
| **Plaintiff** | Carrasco, Tanya | Linda J. R. Rios<br>*Retained*<br>505-232-2298(W) |
| **Plaintiff** | Life, Roy | Linda J. R. Rios<br>*Retained*<br>505-232-2298(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | |
|---|---|---|
| 08/18/2015 | **Cause Of Actions**<br>Action Type | Tort: Personal Injury Non Auto<br>Action |
| 08/19/2015 | **ARB: CERT NOT SUBJECT** | |
| 08/19/2015 | **OPN: COMPLAINT** | |
| 08/24/2015 | **Summons** | |
| | GEICO General Insurance Company | Unserved |
| 09/22/2015 | **ACCEPTANCE OF SERVICE** | |
| 09/22/2015 | **DISCOVERY** | |

---

### FINANCIAL INFORMATION

| | | | |
|---|---|---|---|
| | **Plaintiff** Life, Roy | | |
| | Total Financial Assessment | | 132.00 |
| | Total Payments and Credits | | 132.00 |
| | **Balance Due as of 09/25/2015** | | **0.00** |
| 08/19/2015 | Transaction Assessment | | 132.00 |
| 08/19/2015 | File & Serve Payment | Receipt # ALBD-2015-24821    Life, Roy | (132.00) |



# RIOS LAW FIRM

P.O. Box 3398, Albuquerque, NM 87190
Office:  505-232-2298

5201 Constitution NE, Albuquerque, NM 87110
Fax:     888-392-5307

Linda J. Rios
linda.rios@lrioslaw.com
Cell:     505-573-9984

Daniel M. Rosenfelt, *Of Counsel**
dan.rosenfelt@lrioslaw.com
*Also admitted in AZ and Navajo Nation*

Audrey K. McKee
audrey.mckee@lrioslaw.com
*Also admitted in WA and NY*

January 13, 2014

Geico Indemnity Company
**Attn: Claim# 0218950020101014**
PO Box 509105
San Diego, CA 92150

RE:    Date of Loss   :    **February 11, 2011**
      Your Insured  :    **Roy Life**
      Claimant      :    **Tanya Carrasco**
      Policy #      :    **4195328762**
      Claim #       :    **0218950020101014**

Dear Sir or Madam:

    We are pleased to inform you that Mr. Roy Life has been released by his treating physicians.  The contents of this letter are for settlement purposes only. This letter is intended to facilitate settlement in the claim of Roy Life.  Please review its content thoroughly and contact my office should you require any further information. I look forward to working with you and am confident a settlement is appropriate in this matter based upon the following.

## *LIABILITY:*

    In considering Roy Life's case for settlement, we first assess the fault or liability of the parties involved in the accident.  In this case, we feel that Roy Life carries no fault. On February 11, 2011, Roy Life was traveling eastbound on Central Ave. when he was rear-ended by an underinsured motorist, Alberto Camacho. A copy of the station report has been included for your review.

## *DAMAGES /Medical Summary:*

    On February 11, 2011, Mr. Life presented to ABQ Health Partners with pain in his neck.  Upon completion of his examination, Mr. Life was diagnosed with muscle spasm and was prescribed pain medication to control his symptoms.

    From February 22, 2011, through May 5, 2011, Mr. Life presented to Dr. Kate Phillips at Healing



EXHIBIT

Arts Chiropractic with frequent bilateral lower neck pain that was sharp in nature and upper mid-back pain accompanied by headaches that extended from his neck to the back of his head.

Upon completion of Mr. Life's initial examination he was diagnosed with cervical somatic dysfunction, thoracic somatic dysfunction and myospasms. His treatment plan consisted of chiropractic manipulation, chiropractic manipulation of the extraspinal regions, hot/cold packs and electrical stimulation.

From May 11, 2011, through February 7, 2012, Mr. Life presented to Dr. Kirk E. Manson at aaahh ChiroSpa with neck pain. This complaint began 4-5 hours following the motor vehicle collision. The pain increased with the performance of normal activities of daily living, especially sitting at a computer at work. Mr. Life reported increased pain with the performance of normal activities of daily living and motion of the cervical spine. Mr. Life rated the intensity of pain as 7-8 out of 10 in severity upon waking and the pain increased to 9 out of 10 by evening. Mr. Life described the pain as a daily aching and burning sensation. He reported that he preferred not to take pain medication or muscle relaxers. Mr. Life also had headaches, unilateral thoracic lumbar spine pain which he rated as 7 out of 10 in severity. He described the pain as an aching sensation. The pain began bilaterally along the lumbar spine from C1 to the T6. It was also noted that Mr. Life had low back pain. He reported that the pain began two to three weeks following the motor vehicle collision and has intensified since the motor vehicle collision. The pain was increased with the performance of normal activities of daily living, including weightlifting and working on the computer. Mr. Life experienced a decrease in motion walking around the house. Mr. Life rated the intensity of pain as 6 - 7 out of 10 in severity by the end of the day. He described the pain as a tight and sore sensation. The pain began bilaterally along the paraspinal region from T12 to L5 along the mid-scapular line.

Dr. Manson diagnosed Mr. Life with strains of the cervical spine, sacrum, lumbar spine, thoracic spine, knee, ligament laxity, strains of shoulder/arm, somatic dysfunction of the lower extremities, cervical spine, thoracic spine, lumbar spine, pelvis, upper extremities, cervical/ brachial radiculitis, muscle spasms of the cervical spine, thoracic spine and lumbar spine, myofascial pain, difficulty sleeping, hyporlordotic cervical curve, and stiffness of joints secondary to the vehicle collision on February 11, 2011.

Mr. Life's treatment consisted of chiropractic manipulative therapy applied to the cervical spine, thoracic spine, lumbar spine, pelvis, sacrum and upper and lower extremities. Myofascial release, neuromuscular rehabilitation, infrared laser therapy to the cervical spine, inter-segmental traction to the thoracic and lumbar spine and interferential electrical muscle stimulation combined with hydro collator packs.

From February 2, 2012, through March 13, 2013, Mr. Life presented to Linda J. Sullivan, DOM at Acupuncture & Herbal Clinic with neck pain, upper back pain and headaches. Upon completion of his examination, Mr. Life's diagnoses were jaw pain, headache tension, lumbar sprain/strain, cervical sprain/strain, shoulder pain, neck pain, and thoracic pain. His treatment consisted of acupuncture, acupuncture with electrical stimulation, cupping and bodywork with hot stones, therapeutic activities and massage.

From March 12, 2012, through June 29, 2012, Mr. Life presented to Dr. Francesca Russo at Atlas Orthogonal Chiropractor with pain along the base of his head and neck with constant, daily headaches along the forehead, temples, behind the eyes and back of the head since the February 11, 2011, vehicle collision. Dr. Russo's examination of Mr. Life revealed severe swelling and enlargements over the upper cervical nerve areas bilaterally that elicited a jump sign with verbal confirmation of pain upon palpation.

His T1 myotome was bilaterally weak. Active cervical flexion and bilateral cervical maximum foraminal encroachment tests elicited local pain from approximately the occiput to C3-C4. Spurling's test bilaterally elicited local pain at the posterolateral joints from C3-C6. Passive cervical flexion and extension elicited local pain from the occiput to C6 at the posterior joints. Dr. Russo's diagnosed MR. Life with cervical subluxation due to sprain/strain, ligament laxity, cervicalgia, cephalgia, thoracic subluxation and pain thoracics. Dr. Russo recommended concurrent myofascial therapy with Myofascial Rehabilitation Center for attendant trigger points and myofascial adhesions along the cervico-throacic spine and upper extremities.

Dr. Russo's report stated that she had some initial concern that Mr. Life may have a temporomandibular joint component to his persistent anterior cervical muscle spasms and that it could be contributing to his headache pattern. She recommended that Mr. Life have a consultation with Dr. Luffey, a dentist who specializes in this area. Dr. Luffey recommended that Mr. Life continue with the myofascial therapy first to see if that resolved the problem.

Mr. Life returned to see Dr. Russo on June 15, 2012. Dr. Russo's records show that he reported having a severe headache with neck and upper back pain. Examination of Mr. Life revealed that he was out of adjustment with palpable myospasms of the levator scapulae and trapezius. Dr. Russo noted swelling along the facet areas of the upper cervical spine that were reportedly painful upon palpation. She performed an atlas orthogonal chiropractic adjustment with intersegmental traction and ice application. Mr. Life returned to Dr. Russo on June 29, 2012 with symptoms that had no apparent provocation. She recommended that Mr. Life seek another TMD assessment from Myofascial Rehabilitation Center since (his) chronic anterolateral cervical muscles were remaining in spasm. Dr. Russo's report further stated that it was biomechanically reasonable that had also experienced injury to his jaw during the February 11, 2011 vehicle collision and that injury/misalignment pattern would keep these muscles in a spastic pattern that ultimately exacerbated his neck condition. Lastly, Dr. Russo's report stated it was highly unusual for her to release a patient and then have them return right back with the same symptoms, especially without any apparent provocation for such a re-exacerbation.

From April 16, 2012, through November 20, 2012, Mr. Life presented to Myofascial Rehabilitation Center with bilateral temporal, parietal, occipital and suboccipital pain, posterior neck pain, bilateral upper back and shoulder pain. He also reported anterior head pain in the frontalis area and he was experiencing inflammation in the left occipital and suboccipital region. Mr. Life's therapy consisted of treatment of the involved muscles, manual therapy to include myofascial release, soft tissue and joint mobilization, Fluoromethane spray and stretch as needed and neuromuscular reeducation, all depending on progress and tolerance to treatment.

Mr. Life presented to Albuquerque Craniofacial Center from July 20, 2012, through August 12, 2012, due to headaches, jaw pain, neck pain and shoulder pain. Mr. Life was diagnosed with TM disorder, Myalgia & Myositis, capsulitis, cervicalgia and cephalgia.

From August 28, 2012, through October 5, 2012, Mr. Life presented to Southwest Orthopaedic Physical Therapy with complaints of muscles on both sides of his jaw being extremely tight and his jaw easily fatigued with chewing, frequent headaches, neck pain and shoulder pain. On a scale of 1-10 Mr. Life rated his pain as 6. Mr. Life's symptoms included asymmetrical cervical side bending and rotation,

decreased upper cervical flexion and excess extension and headaches. Upon completion of Mr. Life's initial examination his diagnoses were chronic neck pain, frequent headaches and left shoulder pain. His therapy consisted of therapeutic activities, manual therapy techniques and neuromuseular re-education.

*MEDICAL BILLINGS:*

We have documented medical expenses in the amount of $26,215.88 based on the following:

| | | |
|---|---|---|
| 1. | ABQ Health Partners | $ 139.00 |
| 2. | Healing Arts Chiropractor | $1,585.00 |
| 3. | Atlas Orthogonal Chiropractic | $2,289.00 |
| 4. | Aaahh ChiroSpa | $8,412.38 |
| 5. | Myo Rehabilitation | $7,862.65 |
| 6. | Acupuncture and Herbal Clinic | $3,175.80 |
| 7. | SW Orthopaedic | $1,552.26 |

At the conclusion of Mr. Life's treatment, Dr. Manson's reported stated that Mr. Life's future care should include two years of additional treatments for the exacerbation of neck or upper back pain as a result of the performance of normal activities daily living. Dr. Manson estimated the cost of this future care to be approximately $2,500.00.

We have obtained authority to proceed with settlement. Enclosed are medical records and billing. Based upon the above-described factors, we have been authorized to accept full and final settlement of Roy Life's claims in this matter in consideration of payment in the sum of policy limits. The offer to settle this claim for policy limits will remain open for 30 days. Please advise if there is any additional information you need to assist in the evaluation of this claim. All settlement offers are withdrawn if a settlement is not reached.

Please respond to this demand within 15 days to confirm its receipt. I look forward to working with you toward the resolution of this claim.

Very Truly Yours,
RIOS LAW FIRM
*Linda J. Rios,* Esq.

 **GEICO.** Tel: 1-800-841-3000
geico.com

# Declarations Page
This is a description of your coverage.
Please retain for your records.

**GEICO GENERAL INSURANCE COMPANY**
4201 Spring Valley Road
Dallas, TX 75244-3694

Date Issued: October 10, 2010

**Policy Number: 4195-32-87-62**
**Coverage Period:**
11-13-10 through 05-13-11
12:01 a.m. local time at the address of the named insured.

ROY A LIFE
4904 ORILLA RD NW
ALBUQUERQUE NM 87120-5739

Email Address: roy.life@gmail.com

| **Insured** | **Additional Driver** |
|---|---|
| Roy Life | Tanya Carrasco |

| **Vehicles** | **VIN** | | **Vehicle Location** | **Finance Company/ Lienholder** |
|---|---|---|---|---|
| 1 2008 Bmw | 335 | WBAWB735X8P041708 | Albuquerque NM 87120 | New Mexico Educators Fcu |
| 2 2003 Toyota | 4runsr5/Sp | JTEZU14R730012995 | Albuquerque NM 87120 | Wells Fargo Dealer Svcs |

| **Coverages*** | **Limits and/or Deductibles** | **Vehicle 1** | **Vehicle 2** |
|---|---|---|---|
| Bodily Injury Liability | | | |
| Each Person/Each Occurrence | $300,000/$300,000 | $61.60 | $81.10 |
| Property Damage Liability | $100,000 | $39.10 | $54.70 |
| Medical Payments | $7,500 | $11.90 | $17.80 |
| Uninsured Motorists Bodily Injury | | | |
| Each Person/Each Occurrence | $300,000/$300,000 | $70.30 | $70.30 |
| Property Damage | $100,000 | $0.00 | $0.00 |
| Comprehensive | $500 Ded | $114.30 | $35.30 |
| Collision | $500 Ded | $152.00 | $71.10 |
| Emergency Road Service | Full | $4.90 | $8.20 |
| Rental Reimbursement | $30 Per Day | $10.10 | $10.10 |
| | $900 Max | - | - |
| **Six Month Premium Per Vehicle** | | **$464.20** | **$348.60** |
| **Total Six Month Premium** | | | **$812.80** |

*Coverage applies where a premium or $0.00 is shown for a vehicle.

If you elect to pay your premium in installments, you may be subject to an additional fee for each installment. The fee amount will be shown on your billing statements and is subject to change.

T-B
DEC_PAGE (10-09)  (Page 1 of 2)

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT


ROY LIFE and TANYA CARRASCO,

        Plaintiffs,

v.                          No. D-202-CV-2015-06654


GEICO GENERAL INSURANCE COMPANY,

        Defendant.


## <u>NOTICE OF FILING OF REMOVAL</u>

      PLEASE TAKE NOTICE that Defendant GEICO General Insurance Company, by

and through its counsel of record, Chapman and Charlebois, P.C., (Donna L. Chapman

and Jessica C. Singer), has filed a Notice of Removal in the United States District Court



for the District of New Mexico.   A true and correct copy of the Notice of Removal, attached to this Notice as Exhibit "1" was sent via email to:

Linda J. Rios
Post Office Box 3398
Albuquerque, NM 87190-3398
(505) 232-2298
linda.rios@lrioslaw.com
*Attorneys for Plaintiffs*

Daniel W. Lewis, Esq.
Allen, Shepherd, Lewis & Syra, P.A.
P.O. Box 94750
Albuquerque, NM 87199-4750
(505) 341-0110
dlewis@allenlawnm.com
*Attorneys for Defendant GEICO*

This 30th day of September, 2015.

Respectfully submitted,

**CHAPMAN AND CHARLEBOIS, P.C.**

Donna L. Chapman
Jessica C. Singer
P.O. Box 92438
Albuquerque, NM 87199
505-242-6000
donna@cclawnm.com
jessica@cclawnm.com
*Attorneys for Defendant GEICO as to the
Extra-contractual Claims Only*

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT

ROY LIFE and TANYA CARRASCO,

      Plaintiffs,

v.                         No. D-202-CV-2015-06654

GEICO GENERAL INSURANCE COMPANY,

      Defendant.

<u>ENTRY OF APPEARANCE</u>

      Chapman and Charlebois, P. C., (Donna L. Chapman and Jessica C. Singer), hereby enter its appearance on behalf of Defendant GEICO General Insurance Company as to the extra-contractual claims only (Count V., VI. and Vii.).  Copies of all documents pertaining to litigation in this matter should be sent to the undersigned attorneys.

                    Respectfully submitted,

                    **CHAPMAN AND CHARLEBOIS, P.C.**

                    _____
                    Donna L. Chapman
                    Jessica Singer
                    P.O. Box 92438
                    Albuquerque, NM 87199
                    505-242-6000
                    donna@cclawnm.com
                    jessica@cclawnm.com
                    *Attorneys for Defendant GEICO as to the Extra-contractual Claims Only*



I HEREBY CERTIFY THAT on this 30th day of September, 2015, I filed the foregoing electronically through the Odyssey File and Serve system, which caused the following counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing, and that a copy was sent via e-mail to the following:

Linda J. Rios
Post Office Box 3398
Albuquerque, NM 87190-3398
(505) 232-2298
*Attorneys for Plaintiffs*

Daniel W. Lewis, Esq.
Allen, Shepherd, Lewis & Syra, P.A.
P.O. Box 94750
Albuquerque, NM 87199-4750
(505) 341-0110
*Attorney for Defendant GEICO*

Jessica C. Singer

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Roy Life and Tanya Carrasco

**DEFENDANTS**
GEICO General Insurance Company

**(b)** County of Residence of First Listed Plaintiff  <u>New Mexico (Bernalillo)</u>
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Linda J. Rios
Post Office Box 3398
Albuquerque, NM 87190

Attorneys *(If Known)*
Donna L. Chapman & Jessica C. Singer (Chapman & Charlebois PC)
P.O. Box 92438
Albuquerque, NM 87199

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
        Plaintiff

☐ 2   U.S. Government
        Defendant

☐ 3   Federal Question
        *(U.S. Government Not a Party)*

☒ 4   Diversity
        *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                    *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act<br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 |  |

EXHIBIT
tabbies' G

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Sec. 1332 (a) and 28 U.S. Sec. 1441 (b)
Brief description of cause:
Contract dispute

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*     JUDGE _____     DOCKET NUMBER _____

DATE _____                SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____